Chittenden, J.
In June, 1916, the relator, Thomas J. Conners, was arrested on a charge of operating a motor vehicle upon the streets of the city of Norwalk, Huron county, Ohio, in a state of intoxication, upon an affidavit filed by the chief of police of the city of Norwalk. The defendant therein appeared before the mayor of the city and pleaded guilty to the charge, whereupon the mayor sentenced the defendant to imprisonment in the *246 Toledo workhouse for six months and to pay a fine of one hundred dollars and costs. The defendant was transported to the Toledo workhouse and thereupon brought an action in habeas corpus in the probate court of Lucas county, Ohio, for the purpose of obtaining his release. Upon a hearing in that court it was found that Thomas J. Conners was unlawfully restrained of his liberty ánd he was discharged. Error proceedings were prosecuted to the common pleas court, in which court the judgment of the probate court was affirmed. This proceeding is to secure a reversal of that judgment.
The first contention made by the' defendant in error is that the record does not show that the city of Norwalk is a city not having a police court, and that therefore the jurisdiction of the mayor is not shown. The courts of this state will take judicial notice of the statutory law of the state and of the population of its cities. It is consequently within the knowledge of the court that the city of Norwalk does not have a police court. Therefore, the claim of the defendant in error in this respect is not well founded.
The principal contention is that the record shows that the affidavit, upon which the warrant for the arrest of Conners issued, was not made by the person injured, and that therefore the mayor had no power to impose the penalty of the statute, upon a plea of guilty, but was only empowered to bind him over to a proper court. This contention is based upon the provisions of Section 13510, General Code. The plaintiff in error contends that the action is not governed by that section of the *247 General Code, but by Sections 4528 and 4530, General Code. These sections read as follows:
“Sec. 4528. He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by jury, and his jurisdiction in such cases shall be co-extensive with the county.
“Sec. 4530. He shall have such jurisdiction in the cases mentioned in the last two sections, notwithstanding the right to a jury, if before the commencement of the trial, the accused waives a jury trial.”
The relation of Section 4528, General Code, to Section 13510, General Code, was discussed and determined by the supreme court of this state in The State v. Borham, 72 Ohio St., 358. The court did not undertake to reconcile these sections, but found them to be in conflict. An examination of the history of the statutes showed that Section 13510 was enacted long before Section 4528, and the court held that the latter section should be given full effect in determining the final jurisdiction of the mayor in the prosecution of misdemeanors when the accused was not entitled to the constitutional right of trial by jury. The supreme court did not discuss Section 4530, General Code, as it was in no way involved in the case then under consideration. Section 4528 and Section 4530 were, however, enacted at the same time, and first appear in the revision of 1880 ad Sections 1817 and 1818, Revised Statutes. All the reasoning of the supreme court in State v. Borham applies with equal force to the discussion of Section 4530 as it may be affected by Section 13510, and we hold that *248 the mayor has final jurisdiction to hear and determine prosecutions for misdemeanors, notwithstanding the right to a trial by jury, if, before the commencement of the trial, the accused waives a jury trial.
It therefore remains to determine whether a plea of guilty amounts to a waiver of trial by jury. It will be observed that Section 4530 does not require such waiver to be in writing, as does Section 13511, General Code, which provides for proceedings before a magistrate. While it is true, as said in State v. Borham, that the mayor is, technically, a magistrate, and that therefore the two sections last cited are not in harmony, we hold that the later section (4530) should have effect given to its plain terms and that there is no justification for reading into that statute a provision that such waiver must be in writing.
The circuit court in Wood county in Hillier v. The State, 16 C. D., 777, held that:
“The right of trial by jury is waived by entering a plea of guilty in a criminal prosecution before a mayor having complete jurisdiction.”
Counsel for defendant in error contend that this latter decision is in conflict with the decision of the . supreme court announced in the case of Hanaghan v. The State, 51 Ohio St., 24. The circuit court, however, had that case before them when 'considering the case of Hillier v. State, and in the opinion discuss the case and distinguish it from the case then under consideration. Clearly the decision of the circuit court is decisive of the question now under consideration, and, if properly decided, it *249 should be followed in the decision of this case. We think that the decision of the circuit court is right.
The supreme court, in State v. Borham, also had before them the case of Hanaghan v. The State and declined to consider it as an authority in- that case. The supreme court in speaking of Hanaghan v. The State, said at page 364:
“The court in that case was dealing with a trial before a justice of the peace where the accusation was such as gave the accused a right to a jury trial and involved a construction of Sections 7146 and 7147, Revised Statutes [now Sections 13510 and 13511, General Code]. No reference whatever was made, and none was needed, to Section 1817. We have no such case.”
We think that the language of the supreme court just quoted applies with equal force to the case now under consideration. Having definitely held that the jurisdiction of a mayor and the jurisdiction of a justice of the peace are controlled by different sections of the statutes, a decision based upon the statutes governing procedure before a justice of the peace is of but little, if any, value in determining a case based upon the statutory jurisdiction and powers of a mayor.
In Carper v. The State, 27 Ohio St., 572, the court say on page 577:
“A defendant, after a trial and verdict of guilty, may move the court for a new trial, for any of the causes specified in the code. One who has plead guilty has waived a trial, and can not make such a motion. It would'be idle, therefore," to ask the question to one who 'by his plea has waived the *250 right to avail himself of all matters that might arise on a motion for a new trial.”
That is to say, the supreme. court holds that a plea of guilty amounts to a waiver, of any trial, ■either by the court or by a jury.
The effect of a plea of guilty is well stated in 12 Cyc., 353.
We find that the mayor of the city of Norwalk had final jurisdiction to dispose of the case, and, upon a plea of guilty in that court, he was empowered to impose sentence, and it follows that the relator was legally imprisoned under the sentence and judgment of such mayor.
The judgments of the common pleas and probate courts will be reversed and final judgment will be entered herein in favor of the plaintiff in error, remanding the relator to the custody of the superintendent of the Toledo workhouse; and this case is remanded to the court of common pleas for execution for costs and to carry out the judgment.

Judgments reversed.

Richards and Kinkade, JJ., concur.